AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

State and **DISTRICT OF** New Mexico

**FILED**
At Albuquerque NM

DEC 0 2 2009

MATTHEW J. DYKMAN
CLERK

UNITED STATES OF AMERICA
V.
JERRY L PADILLA III
Year of birth: 1984
SSAN: XXX-XX-9458

**CRIMINAL COMPLAINT**

09-MJ-3373

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about   March 19, 2009   in   Bernalillo   county, in the state and   District of   New Mexico   defendant(s)

distributed a controlled substance; to wit, cocaine (1 count)

in violation of Title   21   United States Code, Section(s)   841 (a)(1) and (b)(1)(C)(1 count)

I further state that I am a   Special Agent, FBI   and that this complaint is based on the following
*Official Title*

facts: See attached Affidavit.

Continued on the attached sheet and made a part hereof:   [x] YES   [ ] No

*Signature of Complainant*
Carlos A Zamora
Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,

December 2, 2009                         at   Albuquerque, New Mexico
*Date*                                        *City and State*

W. DANIEL SCHNEIDER    U.S. Magistrate Judge

*Name & Title of Judicial Officer*          *Signature of Judicial Officer*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

        VS.                    No. _____

JERRY L. PADILLA JR
Year of birth: 1967

JERRY L PADILLA III
Year of Birth: 1984


## AFFIDAVIT


I, the undersigned, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent of the Federal Bureau of Investigation and have been employed in that capacity for approximately fourteen years. I am currently assigned to the Albuquerque Division and investigate major crimes and investigations including but not limited to the investigation of federal drug, firearms, and criminal enterprise offenses. The information set forth in this affidavit has been derived from my own investigation or communicated to me by other sworn law enforcement officers or from reliable sources.

2. On or about March 6, 2009, the defendant, JERRY PADILLA JR, distributed an amount of powder cocaine in a hand-to-hand exchange with a Confidential Human Source (the "CHS"), while an Albuquerque Police Detective (the "Detective") was also located in the vehicle. The CHS and the CHS's vehicle was searched prior to and after the transaction took place for money and controlled substances. The cocaine was wrapped in a plastic zip-lock bag, wrapped in gray tape, placed inside a large brown envelope. The quantity of cocaine sold by PADILLA was approximately 186.4 net grams. The CHS paid PADILLA $1,500.00 in U.S. Currency for the cocaine and agreed to pay PADILLA $2,000 once the cocaine was sold. This drug transaction took place in the City of Albuquerque, NM. Following the transaction, the Detective transported the evidence to the Albuquerque Police Department - Special Investigations Division. The powder substance field tested positive for the presence of

cocaine.

3. On or about March 11, 2009, PADILLA again distributed an amount of cocaine in a hand-to-hand exchange with the CHS. The CHS and the CHS's vehicle was searched prior to and after the transaction took place for money and controlled substances. The quantity of cocaine sold by PADILLA on this occasion was approximately 180.3 grams. The CHS paid PADILLA the $2000.00 in U.S. Currency that was owned to PADILLA for the cocaine that was sold on March 6, 2009. PADIILA had previously agreed telephonically to "front" the cocaine. This drug transaction also took place in the City of Albuquerque, NM. The powder substance field tested positive for the presence of cocaine.

4. On March 19, 2009, the CHS again arranged a meeting for the purchase of an additional amount of cocaine from PADILLA. The CHS and the CHS's vehicle was searched prior to and after the transaction took place for money and controlled substances. PADILLA advised the CHS to go to his son's residence, and meet with his son, JERRY PADILLA III, and pick up the cocaine. The CHS met with PADILLA III, at PADILLA's residence, again in Albuquerque, NM, for a third drug transaction. PADILLA III distributed an amount of cocaine in a hand-to-hand exchange with the CHS. The quantity of cocaine sold by PADILLA on this occasion was approximately 131 grams. The CHS paid PADILLA III $3,500.00 in U.S. Currency that was owned to PADILLA JR, his father, for the cocaine that was sold on March 11, 2009. The powder substance field tested positive for the presence of cocaine.

5. On April 17, 2009, the CHS again arranged to meet with PADILLA. The CHS was searched prior to and after the transaction took place for money and controlled substances. The purpose of the meet was to pay PADILLA the $3,500.00 that was owed to him for the quantity of cocaine that was sold on March 19, 2009. The CHS was transported to the meeting by an Albuquerque Police Detective. The CHS paid PADILLA the $3,500.00 when they met.

6. The cocaine from the all of the above-referenced drug transactions were sent to the Regional DEA Laboratory in Dallas, TX, which resulted in positive results for cocaine for all three transactions.

7.   Based on the information set forth in this affidavit, your Affiant submits that there is probable cause to believe that JERRY L PADILLA did distribute a controlled substance; to wit, cocaine, as described more fully above, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(C)(3 counts).

_____
Special Agent Carlos A Zamora
Federal Bureau of Investigation

Sworn to before me
and subscribed in
my presence,

Dated: December 2, 2009

_____
U.S. MAGISTRATE JUDGE