# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                              No. CR 09-3598 JB

JERRY L. PADILLA, III,
JERRY L. PADILLA, JR.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Compel Discovery, Identify Witnesses and Memorandum in Support, filed June 18, 2010 (Doc. 46). The Court held a hearing on August 18, 2010. The primary issues are: (i) whether the Court should order Plaintiff United States of America to disclose the identity of confidential informants or sensitive witnesses to Defendants Jerry L. Padilla, III, and Jerry L. Padilla, Jr.; and (ii) whether the Court should order the United States to disclose a substantial amount of additional information the Defendants seek. To allow the Defendants sufficient time to investigate the confidential informants and sensitive witnesses whom the United States intends to call as witnesses at trial, the Court will require the United States to disclose a witness list of those individuals for attorneys' eyes only thirty days before trial. The Court will also require a separate witness list of the other law-enforcement and non-sensitive witnesses to be provided to the attorneys thirty days before trial. The United States shall make a witness list public, containing all witnesses it intends to call, fourteen days before trial. The Court will otherwise deny the remainder of the requests in the Defendants' motion without prejudice to the Defendants renewing their motion if they conclude there is a need for further

discovery.   The Court thus grants in part and denies in part the Defendants' motion.

## PROCEDURAL BACKGROUND

On December 16, 2009, the Defendants were indicted for: (i) conspiracy to distribute more than 5 kilograms of a mixture and substance containing a detectable amount of cocaine; (ii) distribution of a mixture and substance containing a detectable amount of cocaine on or about March 6, 2009; (iii) distribution of a mixture and substance containing a detectable amount of cocaine on or about March 11, 2009; and (iv) distribution of a mixture and substance containing a detectable amount of cocaine on or about March 30, 2009. See Indictment, filed December 16, 2009 (Doc. 18).  The Defendants move the Court, pursuant to Kyles v. Whitley, 514 U.S. 419 (1995), Giglio v. United States, 405 U.S. 150 (1972), Brady v. Maryland, 373 U.S. 83 (1963), and other authority, for an order requiring the United States to produce the disclosure of the identity of any informants, and to provide additional information and documents, including: (i) all Brady material; (ii) all impeachment evidence and information available to the United States, including information concerning arrests, cooperation as informants in any investigation, listings as a witness in any proceeding, and statements given concerning this and any other proceeding; (iii) information concerning the backgrounds of the informants; (iv) information concerning the drug use and trafficking activity of each of the informants and trial witnesses; (v) information which is inconsistent with the United States' theory of the case; (vi) information indicating that any informant has been a drug trafficker, the extent of his/her trafficking activity, and all communications each informant has had with law enforcement about drug transactions; (vii) all information about informant JT providing false information to agents, violating the law in the past, and/or having past or present incentive to falsify his trial testimony; (viii) all recordings, notes, and other information concerning surveillance of the Defendants and other alleged participants in the conspiracy; (ix) all

statements the Defendants made, the circumstances, and notes reflecting the statements, all reports of experts in connection with physical or mental examinations, any information that indicates entrapment of the Defendants, Giglio information, and internal-affairs reports; (x) the identity of all informants used to develop information about either Defendant and the agreements with the informants, and specific communications with the judges who authorized them to act as informants; (xi) the training and performance history of the dogs used to locate the money and/or drugs during the search of Padilla III's residence, and the records of their handlers; (xii) all audio and video recordings of the search of Padilla III's residence; (xiii) all applications for search or arrest warrants associated with this investigation; (xiv) all applications to seal records filed in this Court; and (xv) laboratory reports and notes concerning all substances analyzed in connection with this case. See Motion at 1-4.  The Defendants argue that they are entitled to these materials.

        In response, the United States argues that it does not now possess any information that is inconsistent with its theory of the case or that is consistent with the Defendants' innocence. See United States' Response to Defendants' Joint Motion to Compel Discovery and Identify Witnesses (Doc. 49) at 3, filed July 2, 2010 (Doc. 50).  The United States states that, with the exception of informant authorizations and communications with judges, which it argues may not exist, the United States will provide information about testifying witnesses shortly before trial, including information regarding informant identities, any agreements with informants, information concerning drug use and trafficking, information suggesting incentives to falsify communications to law enforcement, and information about participation in the charged crime.  See United States' Response at 5-6.  The United States represents that, to the extent that any of the requested information qualifies as impeachment evidence of testifying witnesses, it will be provided at trial to the Defendants. See United States' Response at 9.  In regards to informant JT, the United States

argues that, if, as the Defendants suggest, they already know JT's identity, then there is no reason for the United States to disclose his/her identity. See id. at 10-11. The United States also concedes that the Defendants' request for information related to any internal investigations of law-enforcement officers who may be called as witnesses is proper, provided Brady v. Maryland demands such disclosure, and represent that any responsive information will be provided in advance of trial. See United States' Response at 11. The United States argues that, with regard to the remaining information the Defendants request, the Defendants have failed to demonstrate that the requested information is material to the defense against the Indictment. See United States' Response at 12. Addressing the Defendants' specific requests, the United States represents that it knows of no statements that the Defendants made to members of law enforcement, nor does it have knowledge of any physical or mental examinations conducted. See United States' Response at 16. The United States argues that it has provided the Defendants with their criminal history and a voluminous amount of police reports have been disclosed, despite the lack of a requirement to make such disclosure. See United States' Response at 16. The United States further represents that there are no 911 calls that it intends to use at trial and that laboratory analyses of the substances that form the basis of the current charges in the Indictment have been provided to the Defendants. See United States' Response at 19. The United States contends that, if electronic surveillance exists, it will be disclosed, and any further impeachment evidence will be disclosed. See United States' Response at 20. The United States argues that the case law upon which the Defendants rely does not support the remainder of their requests. See United States' Response at 17-19, 20-22.

In reply, the Defendants argue that all identities of witnesses and disclosure of impeachment evidence should take place at least one month before the trial date. See Reply to United States' Response (Doc. 50) to Defendants' Joint Motion to Compel Discovery, Identify Witnesses and

Memorandum in Support (Doc. 49) at 11, filed July 26, 2010 (Doc. 54).

At the hearing, Assistant United States Attorney Joel Meyers stated that, at this time, it is necessary to protect the identities of certain people that provided information in the case and may not be witnesses at trial.  See Transcript of Hearing at 7:6-13 (taken Aug. 18, 2010) (Court, Meyers)("Tr.").[1]  Ray Twohig, Padilla, Jr.'s attorney, argued that there are two informants, of whom the Defendants are aware, to whom Padilla Jr. allegedly directly sold drugs.  See Tr. at 11:1-3 (Twohig).   Mr. Twohig argued, however, that the search warrants in the case contain information from other informants not involved in the direct sales of drugs and whose information bolsters the conspiracy charge in Count 1 of the Indictment.  See Tr. at 11:8-13 (Twohig). Mr. Twohig contended that the Defendants find themselves guessing about who may testify at trial, because the Defendants and their counsel do not know the identities of the informants providing information for the search warrant affidavits.  See Tr. at 12:4-10 (Twohig).  He argued that the Defendants should receive the names of the informants as soon as possible and then the disclosures concerning them.  See Tr. at 19:22-24 (Twohig).

The Court inquired whether Mr. Meyers could do an attorney-eyes only disclosure of the identities of the informants.  See Tr. at 20:4-16 (Court).  Mr. Meyers stated that his concern is the timing of the disclosure, because the Defendants anticipate filing a suppression motion and thus the trial is likely further away than its current September setting, and, because there is more time until trial, the United States does not yet know who will be testifying as witnesses at the trial.  See Tr. at 21:17-21:6 (Meyers).   Robert Gorence, Padilla, III's attorney, stated that he will be filing a suppression motion by the deadline on September 6, 2010, but clarified that it does not concern a

---

[1] The Court's citation to the transcript refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Franks[2] issue with the search-warrant affidavit.  <u>See</u> Tr. at 25:14-26:1 (Gorence).  Mr. Meyers represented that there are people who gave information for the search warrant who will not be testifying at trial and those witnesses do not have exculpatory information.  <u>See</u> Tr. at 21:15-25 (Meyers, Court).  He argued that providing the Defendants with impeachment information regarding persons who gave information for the search-warrant affidavit but who will not be testifying at trial will do nothing but potentially cause those individuals to be harassed and intimidated for providing information in the investigation.  <u>See</u> Tr. at 22:8-17 (Meyers).  Mr. Meyers contended that disclosure of witness identity two weeks before trial would be an appropriate time for disclosure.  <u>See</u> Tr. at 23:19-24:1 (Meyers).  Mr. Gorence argued that two weeks before trial is an insufficient amount of time for the Defendants to do an independent investigation of witnesses that the United States will call.  <u>See</u> Tr. at 26:7-14 (Gorence).  Mr. Gorence contended that, although the United States often turns over all it has, there is other information, such as prison histories and drug counseling, that the United States does not have in its files and which the Defendants' investigators must find.  <u>See</u> Tr. at 15-24 (Gorence).  Mr. Gorence argued that the best course of action could be to set dates of disclosure, as he is confident that Mr. Meyers and the United States will give the Defendants all the information they have.  <u>See</u> Tr. at 27:20-24 (Gorence).  He suggested at least a month before trial for disclosure of the United States' witness list.  <u>See</u> Tr. at 28:2-4 (Gorence).  Mr. Gorence stated that he is comfortable with a witness list that is not publicly available.  <u>See</u> Tr. at 29:8-14 (Gorence).  Mr. Twohig stated that he is also comfortable with an attorneys-eyes only witness list, as long as that list focuses on informants whom the United States wishes to remain confidential and not on law-enforcement witnesses.  <u>See</u> Tr. at 30:7-13 (Twohig).

---

[2] <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

## LAW REGARDING THE UNITED STATES' DUTY TO DISCLOSE
## IN CRIMINAL CASES

The Due Process Clause of the Constitution of the United States requires the United States to disclose information favorable to the accused that is material to either guilt or to punishment.  In Brady v. Maryland, the Supreme Court of the United States explained that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87.   In Giglio v. United States, the Supreme Court extended the prosecution's disclosure obligation to evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory.  See 405 U.S. at 153; Douglas v. Workman, 560 F.3d 1156, 1172-73 (10th Cir. 2009)("[N]o distinction is recognized between evidence that exculpates a defendant and 'evidence that the defense might have used to impeach the [United States'] witnesses by showing bias and interest.'")(quoting United States v. Bagley, 473 U.S. 667, 676 (1985)); United States v. Abello-Silva, 948 F.2d 1168, 1179 (10th Cir. 1991)("Impeachment evidence merits the same constitutional treatment as exculpatory evidence.").  Finally, the Supreme Court has refined Brady v. Maryland and clarified that it is not necessary that a defendant request exculpatory evidence; "regardless of request, favorable evidence is material, and constitutional error results from its suppression by the government 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'"   Kyles v. Whitley, 514 U.S. 419, 433 (1995)(quoting United States v. Bagley, 473 U.S. at 682).  See Douglas v. Workman, 560 F.3d at 1172 ("The government's obligation to disclose exculpatory evidence does not turn on an accused's request."); United States v. Summers, 414 F.3d 1287, 1304 (10th Cir. 2005)("[T]he prosecution has an

affirmative duty to disclose exculpatory evidence clearly supporting a claim of innocence even without request.").

"[T]he Due Process Clause does not require the government to disclose before trial the names of its witnesses, just so the defense can have sufficient time to investigate their backgrounds for impeachment information." United States v. Ashley, 274 Fed. Appx. 693, 697 (10th Cir. 2008). See Weatherford v. Bursey, 429 U.S. 545, 559 (1977)(stating that "[i]t does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably.").

1.      **Material Exculpatory Evidence.**

The holding in Brady v. Maryland requires disclosure only of evidence that is both favorable to the accused, and "material either to guilt or to punishment." 373 U.S. at 87. "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). See United States v. Allen, 603 F.3d 1202, 1215 (10th Cir. 2010). A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." United States v. Bagley, 473 U.S. at 682 (quotation omitted). The United States Court of Appeals for the Tenth Circuit has noted that "[t]he mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard." United States v. Fleming, 19 F.3d 1325, 1331 (10th Cir. 1994), cert. denied, 115 S. Ct. 93 (1994). The Tenth Circuit has also found that "[d]uplicative impeachment evidence is not material." Douglas v. Workman, 560 F.3d 1156, 1173 (10th Cir. 2009). "To be material under Brady, undisclosed information or evidence acquired through that information must be admissible." Banks v. Reynolds, 54 F.3d 1508, 1521 n.34 (10th Cir. 1995)(quoting United States v. Kennedy, 890 F.2d 1056, 1059 (9th Cir. 1989),

cert. denied, 494 U.S. 1008 (1990)).

The Supreme Court, in Cone v. Bell, 129 S. Ct. 1769 (2009), recently noted:

> Although the Due Process Clause of the Fourteenth Amendment, as interpreted by Brady, only mandates the disclosure of material evidence, the obligation to disclose evidence favorable to the defense may arise more broadly under a prosecutor's ethical or statutory obligations. See Kyles, 514 U.S. at 437 ("[T]he rule in Bagley (and, hence, in Brady) requires less of the prosecution than the ABA Standards for Criminal Justice Prosecution Function and Defense Function 3-3.11(a)(3d ed. 1993)"). See also ABA Model Rule of Professional Conduct 3.8(d)(2008)("The prosecutor in a criminal case shall" "make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal").

129 S. Ct. at 1783 n.15. Favorable evidence is only material and thus subject to mandated disclosure when it "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Cone v. Bell, 129 S. Ct. at 1783 (quoting Kyles v. Whitley, 514 U.S. at 435).

One district court has offered a broader standard for the material the United States must produce pretrial. In United States v. Sudikoff, 36 F. Supp. 2d 1196 (C.D. Cal. 1999), the Honorable Dean D. Pregerson, United States District Judge for the Central District of California, held that the Brady v. Maryland standard of materiality is "not appropriate in the pretrial discovery context," and thus required the United States to produce "all evidence relating to guilt or punishment which might reasonably be considered favorable to the defendant's case." 36 F. Supp. 2d at 1199. The Tenth Circuit has not adopted such a broad standard of disclosing all evidence which might reasonably be favorable to a defendant.[3] To the contrary, the Tenth Circuit has found that requiring the United

---

[3] Other courts have rejected the standard set forth in United States v. Sudikoff. See United States v. Weiss, 2006 U.S. Dist. LEXIS 45124, at **10-11 (D. Colo. June 21, 2006)(rejecting the

States to produce evidence which might be favorable creates an "insuperable burden," explaining:

> If a statement does not contain any expressly exculpatory material, the Government need not produce that statement to the defense. To hold otherwise would impose an insuperable burden on the Government to determine what facially non-exculpatory evidence might possibly be favorable to the accused by inferential reasoning. We are confident that the Supreme Court did not intend the Brady holding to sweep so broadly.

United States v. Comosona, 848 F.2d 1110, 1115 (10th Cir. 1988). In light of the Tenth Circuit's analysis in United States v. Comosona, and the tension between Judge Pregerson's pretrial Brady standard and the Supreme Court's unambiguous holding that no constitutional violation occurs unless the United States withholds evidence material to guilt or punishment, and that materiality means evidence for which there is a reasonable probability that, had it been disclosed, a different verdict would have resulted, see Cone v. Bell, 129 S. Ct. at 1783; United States v. Bagley, 473 U.S. at 682, the Court is not inclined to adopt Judge Pregerson's broad pretrial disclosure standard. To adopt Judge Pregerson's standard would effectively require the government to produce all information rather than conduct a materiality review; the Court believes that such an approach gets close to civil discovery rather than the standard the American courts have employed since Brady v. Maryland.

---

United States v. Sudikoff standard and noting "I see no reason to abandon well-established binding Tenth Circuit authority in favor of a decision by a district court in California."); United States v. Causey, 356 F. Supp. 2d 681, 696 (S.D. Tex. 2005)("Because the Brady standard applied in Sudikoff conflicts with the Brady standard applied in this circuit, and because defendants fail to cite -- and the court has not found -- any case in which the Fifth Circuit has adopted or applied the Sudikoff standard, the court is not persuaded to apply that standard in this case."); United States v. Acosta, 357 F. Supp. 2d 1228, 1243 (D. Nev. 2004)("Judge Pregerson's decision in Sudikoff is a significant departure from the Supreme Court's articulation of the prosecutor's constitutional Brady obligations."). See also Boyd v. United States, 908 A.2d 39, 61 (D.C. 2006)("Materiality is an issue at the time that the prosecutor makes a determination regarding what he must disclose to the defense . . . Nevertheless, even as a constitutional matter, the trial court must take into account the reality that the prosecutor has no crystal ball, and must review the exercise of prosecutorial discretion accordingly.").

The burden is on the United States to produce exculpatory materials; the burden is not on the defendant to first point out that such materials exist.  See Kyles v. Whitley, 514 U.S. at 437 (stating that the prosecution as an affirmative duty to disclose evidence, because "the prosecution, which alone can know what is undisclosed, must be assigned the consequent responsibility to gauge the likely net effect of all such evidence and make disclosure when the point of 'reasonable probability' is reached."); United States v. Deutsch, 475 F.2d 55, 57 (5th Cir. 1973)(granting a mistrial for failure to produce personnel files of government witnesses). The Constitution, however, does not grant criminal defendants the right to embark on a "broad or blind fishing expedition among documents possessed by the Government . . . ." United States v. Mayes, 917 F.2d 457, 461 (10th Cir. 1990)(quoting Jencks v. United States, 353 U.S. 657, 667 (1957)).

### 2.        Evidence Must Be in the United States' Possession.

"It is well settled that there is no 'affirmative duty upon the government to take action to discover information which it does not possess.'"  United States v. Tierney, 947 F.2d 854, 864 (8th Cir. 1991)(quoting United States v. Beaver, 524 F.2d 963, 966 (5th Cir. 1975), cert. denied, 425 U.S. 905 (1976)).  See United States v. Kraemer, 810 F.2d 173, 178 (8th Cir. 1987)(explaining that the prosecution is not required "to search out exculpatory evidence for the defendant"); United States v. Badonie, No. CR 03-2062, 2005 U.S. Dist. LEXIS 21928, at *2 (D.N.M. Aug. 29, 2005)(Browning, J.).  On the other hand, "a prosecutor's office cannot get around Brady by keeping itself in ignorance, or by compartmentalizing information about different aspects of a case." Carey v. Duckworth, 738 F.2d 875, 878 (7th Cir. 1984).  A prosecutor must disclose information of which it has knowledge and access.  See United States v. Bryan, 868 F.2d 1032, 1037 (9th Cir. 1989)(stating that "the scope of the government's obligation under Rule 16(a)(1)(C) should turn on the extent to which the prosecutor has knowledge of and access to the documents sought by

the defendant in each case.").  A prosecutor may have a duty to search files maintained by other "governmental agencies closely aligned with the prosecution" when there is "some reasonable prospect or notice of finding exculpatory evidence."  United States v. Brooks, 966 F.2d 1500, 1503 (D.C. Cir. 1992)).  A prosecutor does not have a duty, however, to obtain evidence from third parties.  See United States v. Combs, 267 F.3d 1167, 1173 (10th Cir. 2001)(observing that Brady v. Maryland does not oblige the government to obtain evidence from third parties).

## LAW REGARDING INFORMANT'S IDENTITY

The government has a privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law."  Roviaro v. United States, 353 U.S. 53, 59 (1957).  "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement.  The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation."  Id.  "Anonymity of informants encourages communications to law enforcement officers."  Usery v. Local Union 720, Laborers' Int'l Union of N. Am., AFL-CIO, 547 F.2d 25, 527 (10th Cir. 1977).  See United States v. Brantley, 986 F.2d 379, 383 (10th Cir. 1993)( "Nor must the government supply the defendant with information about an informer when the individual introduces suspected traffickers to narcotics agents."); United States v. Ortiz, 804 F.2d 1161, 1166 (10th Cir. 1986)("We have ruled previously that the government is not required to supply information about an informer to a defendant when the informer merely provides the initial introduction.").

The privilege, however, is not absolute, and where "the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a

cause, the privilege must give way." Roviaro v. United States, 353 U.S. at 60-61. The Supreme

Court in Roviaro v. United States stated that the desirability of calling the informant as a witness,

or at least interviewing the informant in advance of trial, is a matter for the accused, rather than the

government, to decide. See Roviaro v. United States, 353 U.S. at 64. When an informant is a

"participant in and a material witness to" the alleged criminal transaction, the disclosure of his or

her identity is sometimes required. Roviaro v. United States, 353 U.S. at 65. The standard for

disclosure of confidential informants who play an active rather than passive role in the investigation

is not "fixed"; rather, the court must take into "consideration: (1) the crime charged, (2) the possible

defenses, (3) the possible significance of the informer's testimony, and (4) other relevant factors."

Id. at 62. In Roviaro v. United States, for example, the informant "helped to set up the criminal

occurrence and had played a prominent part in it . . . . [H]is testimony might have disclaimed

entrapment." Id. at 64. The Supreme Court thus found that the district court's failure to order

disclosure of the informant's identity "in the face of repeated demands by the accused for his

disclosure" was prejudicial error. Id. at 64-65.

> The Tenth Circuit's take on this analysis is well-known.

> The disclosure of a confidential informant's identity involves balancing the public interest in protecting the flow of information in a manner necessary for effective law enforcement against an individual's right to prepare his defense. In making the determination as to whether disclosure is necessary, the court must consider the particular circumstances of the case, including the crime charged, the possible defenses, and the significance of the informer's testimony. Where it is clear that the informant cannot aid the defense, the government's interest in keeping secret his identity must prevail over the defendant's asserted right of disclosure. A defendant seeking disclosure has the burden of proof, and we review the district court's decision for an abuse of discretion.

United States v. Sinclair, 109 F.3d 1527, 1538 (10th Cir. 1997)(citations and quotation marks

omitted). See United States v. McKenzie, No. CR 08-1669 JB, 2010 WL 597971, at **3-4

(D.N.M. Jan. 28, 2010)(Browning, J.)(quoting United States v. Sinclair, 109 F.3d at 1538).  "[T]he defendant must present more than mere speculation about the possible usefulness of an informant's testimony."  United States v. Moralez, 908 F.2d 565, 567 (10th Cir. 1990).  In sum,

> [a] defendant may obtain the identity and whereabouts of an informer if his testimony might be relevant to the defendant's case and justice would be best served by disclosure[, but d]isclosure of an informant is not required . . . where the information sought from the informer would be merely cumulative, or where the informant did not participate in the transaction in question.

United States v. Reardon, 787 F.2d 512, 517 (10th Cir. 1986)(internal citations omitted). See United States v. Moralez, 908 F.2d at 567.

## ANALYSIS

The Defendants seek disclosure by the United States of the identity of confidential informants who will testify at trial.  They also seek substantial additional information about the informants and other information, asserting that Kyles v. Whitley, Brady v. Maryland, and Giglio v. United States require such disclosure.  The United States concedes that disclosure of material exculpatory and impeachment materials is required, and that disclosure of witnesses' identities is required, but resists the disclosure so early before trial.  The Court concludes that the disclosure of confidential informants and sensitive witnesses shall be made to the Defendants thirty days before trial, but that disclosure of those witnesses' identities is restricted to the defense attorneys' -- Mr. Twohig's and Mr. Gorence's -- and to a defense investigator's eyes only.  The Court will also require the United States to disclose a separate public witness list thirty days before trial, which includes law-enforcement witnesses and other non-sensitive witnesses.  Fourteen days before trial, the Court will require a public witness list to be disclosed containing all witnesses the United States intends to call at trial.  The United States also has a continuing obligation to produce material exculpatory information in its possession.

-14-

In this case, there is a strong inference -- based on the information confidential sources provided in the search-warrant affidavit -- that the identities of confidential informants who will be called as witnesses may aid the Defendants.  The Court believes that, to adequately investigate information which may be valuable for impeachment purposes, the Defendants' attorneys and investigator should have sufficient time to conduct an investigation, attempt to interview the witnesses, and request necessary information -- which the United States may not have in its possession -- from the proper sources.  Thus, the Court is requiring the United States to provide a list of its witnesses thirty days before trial.

The Court, however, incorporates a protective order.  Mr. Twohig and Mr. Gorence are ordered that they will not disclose the identities of the confidential informants whom the United States intends to call as witnesses and other sensitive witnesses to anyone -- except the defense investigator they retain in this case -- unless and until Mr. Twohig and Mr. Gorence seek further leave of the Court or until fourteen days before the trial, when the United States must make its witness list publicly available.  Any information that the United States provides to Mr. Twohig and Mr. Gorence regarding the confidential informants whom the United States intends to call as witnesses and other sensitive witnesses may be discussed only with the investigator and the Assistant United States Attorneys who disclosed it.

As to the remainder of the information the Defendants request in their motion, the Court will not compel the United States to disclose the remainder of the information requested at this time.  At the hearing, Mr. Twohig stated that, because the United States will be disclosing witnesses early enough for the Defendants to conduct their own investigation, the remainder of the Defendants' requests may become moot, and he would prefer to wait for further developments before pursuing further requests.  See Tr. at 41:5-12 (Twohig).  The Court agrees with Mr. Twohig's assessment and

-15-

thus will deny the remainder of the requests in the Defendants' motion without prejudice to the Defendants' renewing their requests if they believe the United States is not complying with its disclosure duties.  Although the Court is requiring the United States to disclose witness lists to the Defendants thirty days before trial, the Court recognizes that trial preparation is a fluid process, and the witnesses on the list may not all testify at trial.  Moreover, the Defendants have indicated that they will be filing a motion to suppress, and the outcome of the motion to suppress may have significant implications on the length and content of the United States' case.  The Court, therefore, will not require the disclosure of exculpatory information for the individuals on the United States' witness lists as early as it is requiring the United States to disclose names to the Defendants' counsel.  If, at a later time, the Defendants wish to renew any part of their motion, they may do so.

**IT IS ORDERED** that the Defendants' Motion to Compel Discovery, Identify Witnesses and Memorandum in Support is granted in part and denied in part.  The Court grants the Defendants' request for identification of confidential informants who will testify at trial.  The United States shall disclose a witness list of confidential informants that will testify at trial and other sensitive witnesses to Ray Twohig and Robert Gorence thirty days before trial, and that witness list shall be for attorneys' eyes only.  Mr. Twohig, Mr. Gorence, and their investigator should not disclose the identity of those witnesses to anyone else without further leave of the Court.  The United States shall also produce a witness list of non-sensitive witnesses that may be publicly available thirty days before trial.  Fourteen days before trial, the United States shall produce one witness list containing all witnesses it intends to call at trial.  The remainder of the Defendants' motion is denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE

-16-

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Joel R. Meyers
  Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Ray Twohig
Albuquerque, New Mexico

     *Attorney for Defendant Jerry L. Padilla, Jr.*

Robert J. Gorence
Gorence & Oliveros, P.C.
Albuquerque, New Mexico

     *Attorney for Defendant Jerry L. Padilla, III*