**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                              No. CR 09-3598 JB

JERRY L. PADILLA, III,
JERRY L. PADILLA, JR.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Jerry L. Padilla, III's Opposed Motion to Modify Conditions of Release, filed November 1, 2010 (Doc. 81)("Motion"). The Court held a hearing on November 12, 2010. The primary issue is whether the Court should modify Defendant Padilla III's conditions of release by removing his electronic monitoring, and by allowing him to travel in New Mexico, Arizona, Nevada, and Colorado to conduct transactions regarding his Auto Auctions business. At this time, Padilla III has asserted only that the electronic monitoring is burdensome and unnecessary; he has not shown that the electronic monitoring is preventing him from conducting his business or that it is interfering with his ability to conduct his business. The Court will therefore deny Padilla III's request to remove the condition of electronic monitoring from his conditions of release without prejudice to him renewing the motion at a later time. The Court will grant Padilla III's motion to the extent that it will modify his conditions of release to allow his United States Pretrial Officer, Andrew Selph, the discretion to approve Padilla III's requests to travel in New Mexico, Arizona, Nevada, Colorado, and California[1] to conduct business for Auto Auctions.

---

[1] At the hearing, Padilla III's counsel stated that, although the motion did not ask the Court to modify Padilla III's conditions of release with respect to his business travel in California as well

Padilla III can petition the Court for permission if Mr. Selph does not approve his request for travel. The Court will not grant Padilla's specific requests for permission to travel set forth in his motion; he can make these requests to Mr. Selph.

## PROCEDURAL BACKGROUND

On December 16, 2009, a grand jury returned an Indictment, charging Padilla III with: (i) violations of 21 U.S.C. § 846, conspiracy to distribute cocaine; (ii) 21 U.S.C. § 841(a)(1), (b)(1)C), distribution of cocaine; and (iii) 18 U.S.C. § 2, aiding and abetting. See Indictment, filed December 16, 2009 (Doc. 18). During Padilla III's preliminary/detention hearing on December 10, 2009, Plaintiff United States of America, Padilla III, and Defendant Jerry Padilla, Jr., informed the Honorable W. Daniel Schneider, United States Magistrate Judge, that they had come to an agreement. They agreed that Padilla, Jr., would waive his detention and preliminary hearings, if the United States would withdraw its motion to detain Padilla III and would agree to Padilla III's release with whatever conditions the United States requested. The United States requested the conditions to include electronic monitoring, Padilla III's confinement to his home -- with the exception of travel to see his attorney, travel to seek medical attention, travel for employment, travel for court purposes -- and any other exceptions that pretrial services might make.

On December 11, 2009, Judge Schneider entered an order, releasing Padilla III subject to certain conditions of release, including a condition that Padilla III submit to electronic monitoring and a condition that Padilla III would be "restricted to [his] residence at all times except for

---

as his business travel in New Mexico, Arizona, Colorado, and Nevada, counsel believed that Padilla III needed to travel to California as well. The United States stated that it did not object to the Court including California into its modification of Padilla III's conditions of release. The Court's modifications to Padilla III's conditions of release thus apply to Padilla III's requests to travel for business in New Mexico, Nevada, Arizona, Colorado, and California.

employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer."  Order Setting Conditions of Release at 2, filed December 11, 2009 (Doc. 12).  On November 1, 2010, Padilla III filed a motion, requesting modification of his conditions of release by removing his electronic monitoring, and by allowing him to travel in New Mexico, Arizona, Nevada and Colorado to conduct transaction regarding his Auto Auctions business.  See Motion at 1.  Padilla III asserts that he needs to travel to Arizona, Colorado, and Nevada on a frequent basis to maintain his Auto Auctions business.  See Motion at 1.  Specifically, Padilla III requests that the Court allow him to travel to Las Vegas, Nevada on November 17-20, 2010 to attend a TNT public auction, to Scottsdale, Arizona on January 17-23, 2011 to attend a Barrett-Jackson auction, and to Denver, Colorado possibly every other weekend to attend public auctions.  See Motion at 2.  Mr. Selph does not oppose Padilla III's motion. See Motion at 2.

The United States filed a response, asserting that Padilla III has presented no new information, which was unknown to him at the time of the initial order setting conditions of release, that would justify modifying his conditions of release, that Padilla III has failed to explain why his Auto Auctions business requires unrestricted travel, and that the prospect of long imprisonment remains an incentive for Padilla III to flee.  See United States' Response to Defendant's Motion to Modify Conditions of Release (Doc. 81) at 3-4, filed November 3, 2010 (Doc. 83)("Response"). The United States also contends that the crime with which Padilla III is charged "suggests a significant danger to the community" and relaxing his conditions would have "the perverse effect of increasing the danger to the community."  Response at 4.

At the hearing, the Court asked Padilla III how the electronic monitoring was preventing him

from conducting his business.  Padilla III asserted that the electronic monitoring was burdensome and unnecessary.  Padilla III also asserted that he is not a flight risk.  The United States stated that the electronic monitoring does not affect Padilla III's Auto Auctions business.  A probation officer who attended the hearing informed the Court that Padilla III's conditions of release do not allow Mr. Selph any discretion with regard to granting Padilla III's requests to travel for business and that the Court has to approve all of Padilla III's requests to travel, including Padilla III's requests to travel locally.  The United States stated that, based on its reading of Padilla III's conditions of release, Mr. Selph does have discretion to grant Padilla III's requests to travel for business.  The United States stated that it does not have any objection to allowing Padilla III to travel for business with his Mr. Selph's permission.  The United States also questioned the validity of Auto Auctions as a business. The United States contended that Padilla III did not mention this hobby or business during the course of the pretrial services interview.  The Pretrial Services Report -- prepared in December 2007 -- states that Padilla III "is not currently employed, having been disabled by a work related back injury in 2007."  Pretrial Services Report at 1 (dated December 7, 2009).  The Pretrial Services Report also states that Padilla III "advises he derives income for living and household expenses from occasional construction and side jobs, advising that he is pending the results of a disability claim." Pretrial Services Report at 1.  At the November 12, 2010, the Court asked Padilla III about his Auto Auctions business.  Padilla III stated that he has been restoring vintage vehicles for about four years. Padilla III characterized his work as a hobby that he conducts on the side.  Padilla III asserted that a lot of parts for older models of vehicles are difficult to find in New Mexico, so he attends various auctions outside of the state.

## **RELEVANT LAW REGARDING RELEASE OF A DEFENDANT PENDING TRIAL**

Section 3142 of Title 18 of the United States Code allows a judicial officer to release a

person pending trial on a condition or combination of conditions.  See 18 U.S.C. § 3142(a).  The statute states that a judicial officer shall order a person's pretrial release on personal recognizance or upon execution of an unsecured appearance bond, unless the judicial officer "determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."  18 U.S.C. § 3142(b).  If the judicial officer determines that the person's release on personal recognizance or upon an unsecured appearance bond would endanger the safety of the community or would not reasonably assure the person's appearance, the judicial officer may order pretrial release subject to a conditions or various conditions.  See 18 U.S.C. § 3142(c).  In a case involving an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, 21 U.S.C. §§ 801-904, the judicial officer "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).  Padilla III faces a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment.  See 21 U.S.C. § 841(a)(1), (b)(1)(A); Response at 1-2.

## ANALYSIS

The Court will grant in part and deny in part Padilla III's motion.  The Court believes that Padilla III's request that the Court remove electronic monitoring from his conditions of release is overbroad.  The relevant standard is whether the condition reasonably assures Padilla III's appearance, and the safety of other people and of the community.  Although the electronic monitoring device will not itself impede flight, its presence may counsel against any notion to flee.  Padilla III did not set forth or identify, in either his motion or the hearing, how the electronic monitoring was preventing him from conducting his Auto Auctions business or how the electronic

monitoring was interfering with his ability to conduct his business. Padilla III stated that the electronic monitoring was burdensome, that it was unnecessary at this point, and that he was not a flight risk. These proffered reasons do not indicate, however, that the electronic monitoring negatively affects his ability to conduct his business. The pretrial services report does not mention that Padilla III had this business, instead stating: "[Padilla III] advised he derives income for living and household expenses from occasional construction and side jobs, advising that he is pending the results of a disability claim." Pretrial Services Report at 1. The Court does not believe that the record before it warrants removing the condition of electronic monitoring from Padilla III's conditions of release at this time, because Padilla III has not set forth how the electronic monitoring is prohibiting him from conducting his business, and because the condition helps to mitigate against the risk of flight. The Court will therefore deny Padilla III's request that it remove the condition of electronic monitoring from his conditions of release without prejudice to him renewing the motion at a later time. If Padilla III later finds that the electronic monitoring is prohibiting him from conducting his business, or that it interferes with his ability to conduct his business, he can renew his motion.

      The Court will grant Padilla III's motion to the extent that it will modify his conditions of release to allow Mr. Selph the discretion to approve Padilla III's request to travel in New Mexico, Arizona, Nevada, Colorado, and California to conduct transactions regarding his Auto Auctions business. The Court will modify Padilla III's conditions, because it believes that this modification will streamline the process and because the United States stated that it does not have any objection to allowing Padilla III to travel for business with his Mr. Selph's permission. If Mr. Selph does not approve Padilla III's request to travel for business, Padilla III can petition the Court for permission. The Court will not grant Padilla III's specific requests for permission to travel to Las Vegas on

November 17-20, 2010, to Scottsdale on January 17-23, 2011, or to Denver every other weekend. Padilla III may request permission from Mr. Selph to conduct these trips.

**IT IS ORDERED** that the Defendant Jerry L. Padilla, III's Opposed Motion to Modify Conditions of Release, filed November 1, 2010 (Doc. 81), is granted in part and denied in part in accordance with this Memorandum Opinion and Order.

_____<br>
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Joel R. Meyers
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Ray Twohig
Albuquerque, New Mexico

    *Attorney for Defendant Jerry L. Padilla, Jr.*

Robert J. Gorence
Monica Garcia
Gorence & Oliveros, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Jerry L. Padilla, III*