**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                        No. CR 09-3598 JB

JERRY L. PADILLA, III,
JERRY L. PADILLA, JR.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
(Public Version)

**THIS MATTER** comes before the Court on the Defendants' Motion for Rule 17(c) Subpoena, filed December 8, 2010 (Doc. 90)("Motion").[1] The Court held a hearing on February 3, 2010. The primary issue is whether the Court should grant the Defendants leave to issue a subpoena pursuant to rule 17(c) of the Federal Rules of Criminal Procedure for the information that they seek. The Court will deny the Defendants' Motion, because, given the Plaintiff United States of America's concessions at the hearing, it believes that the issuance of a subpoena is not necessary and that the Defendants have not demonstrated that they meet all the requirements necessary for issuance of a subpoena.

**PROCEDURAL BACKGROUND**

On December 16, 2009, the Defendants were indicted for: (i) conspiracy to distribute more than 5 kilograms of a mixture and substance containing a detectable amount of cocaine; (ii) distribution of a mixture and substance containing a detectable amount of cocaine on or about

---

[1] Although the Defendants did not designate their Motion as sealed in the Motion's title, the Defendants filed the Motion under seal, so that only the case participants and the Court could view the Motion.

March 6, 2009; (iii) distribution of a mixture and substance containing a detectable amount of cocaine on or about March 11, 2009; and (iv) distribution of a mixture and substance containing a detectable amount of cocaine on or about March 30, 2009. See Indictment, filed December 16, 2009 (Doc. 18).

On December 8, 2010, the Defendants filed their Motion to Dismiss or For Other Sanctions, filed December 8, 2010 (Doc. 89)("Separation-of-Powers Motion"), in which they move the Court to dismiss the Indictment or for other sanctions, because of the violation of the separation of powers as a result of "the abuse of the supervision responsibility of the U.S. probation office arising from its participation in a task force in which its probation officer . . . functioned as an executive branch investigator for the purpose of creating a crime for his probationer [Defendant] Jerry Padilla Jr. to commit." Separation-of-Powers Motion at 1. The Defendants allege that the probation officer was Padilla Jr.'s assigned probation officer following Padilla Jr.'s conviction for conspiracy, possession with intent to distribute more than 5 kilograms of cocaine, and aiding and abetting in February 2008. See Separation-of-Powers Motion at 1. They allege that, at some point, the United States Probation Office ("USPO") agreed to become a part of a task force to investigate its supervisees, including Padilla Jr. See Separation-of-Powers Motion at 2. They contend that a specific plan was implemented to convince Padilla to commit federal crimes involving drug trafficking with another supervisee in an operation that the probation officer and agents of the task force set up. See Separation-of-Powers Motion at 2. They allege that the probation officer convinced a supervisee (hereinafter "the CI") to participate in a sting operation. See Separation of Powers Motion at 3. They contend that the probation officer worked with the task force and the CI to design the crimes, created opportunities for Padilla Jr. to commit the crimes, and that the probation officer accompanied the CI in some or all of the circumstances which were arranged for that purpose.

See Separation-of-Powers Motion at 3.  The Defendants state that they concurrently filed separate motions for a rule 17(c) subpoena and for further discovery to develop factual evidence to further specify the arrangements and the probation officer's actions to provide the Court with a complete record on which to decide the motion.  See Separation-of-Powers Motion at 4.

The Defendants move the Court for leave to issue a subpoena pursuant to rule 17(c) of the Federal Rules of Criminal Procedure for the information that they are seeking from the USPO, which Ray Twohig, counsel for Padilla Jr., detailed in a letter to the USPO that the Defendants attached to the Motion.  See Motion at 1.  The Defendants allege that the information they seek is relevant to the separation-of-powers issue that they raised in their Separation-of-Powers Motion. See Affidavit of Ray Twohig (sworn December 8, 2010), filed December 8, 2010 (Doc. 90-3).  In Mr. Twohig's letter to the USPO, he requested that the USPO provide him with: (i) the task force agreement and all additional agreements and correspondence concerning the role of the USPO in the task force; (ii) the USPO's policies which permit such activities by federal probation officers; (iii) records of approval by representatives of the administrative office of the courts, supervisory probation officials and judges of this arrangement; (iv) records of the activities of the task force, in particular, the USPO's and the probation officer's role in the task force; (v) detailed information and reports the probation officer prepared as a member of the task force, including communications with him about those activities by supervisors and others in the probation office; (vi) records of the approvals of the specific actions of the probationer CI whom the probation officer was supervising. See Letter from Ray Twohig to Anita Chavez (dated December 8, 2010), filed December 8, 2010 (Doc. 90-1).

On January 3, 2011, the Defendants filed a supplement to their Motion, to which they attached the response from the USPO to their request for documents.  See Defendants' Supplement

to Motion for Discovery No. 2, filed January 3, 2011 (Doc. 96).  The Defendants state:

> Since . . . the attached response to the written requests to the [USPO] . . . yielded nothing, Defendants have established that a subpoena is necessary to obtain the evidence needed for an evidentiary hearing on the [Separation-of-Powers Motion]. If and when an evidentiary hearing is set, subpoenas can then be issued for the hearing.

Supplement at 2.

The USPO's letter responded to each of the Defendants' requests.  In response to the Defendants' request for the task force agreement and all additional agreements and correspondence concerning the probation office's role in the task force, the USPO stated: "There is no signed Task Force Agreement, additional agreements or correspondence between U.S. Probation and the High Intensity Drug Trafficking Area (HIDTA) Task Force."  Letter from Anita L. Chavez, Chief United States Probation Officer to Ray Twohig at 1 (dated December 23, 2010), filed January 3, 2011 (Doc. 96-1).  In response to the Defendants' request for USPO policies which permit such activities, the USPO stated: "There are no specific policies that discuss task force activities in our agency."  Letter at 1.  Regarding the Defendants' request for records of approval of this arrangement, the USPO stated: "There are no records regarding a task force agreement."  Letter at 1.  Regarding the Defendants' inquiry about the task force's activities, the USPO stated: "There are no records of any HIDTA Task Force activities in the U.S. Probation Office."  Letter at 1.  Regarding the Defendants' request for information and reports that the probation officer prepared as a member of the task force, the USPO stated: "There are no reports authored by [the probation officer] for the task force."  Letter at 2.  Regarding the Defendants' request for records of the approvals of the specific actions of the probationer CI, whom the probation officer was supervising, the USPO stated: "Information regarding supervision of defendants in U.S. District Court cases is confidential. . . . Disclosure of information is not required under the provision of the Freedom of Information Act, 5 U.S.C.

§§ 551(1)(B) and 552(f)(FOIA), since that Act does not apply to the Courts." Letter at 2 (citation omitted).

The United States responded to the Defendants' Motion, arguing that the USPO responded to the Defendants' inquiries in Chavez' letter and that the Defendants have failed to meet their burden for the issuance of a rule 17(c) subpoena. See United States' Response to Defendants' Motion for Rule 17(c) Subpoena (Doc. 90), filed January 7, 2011 (Doc. 98). The United States argues that the Defendants have failed to demonstrate that the requested documents are evidentiary and relevant, and necessary in advance of trial. See Response at 4.

The Defendants replied, asserting that the goal of their Motion is to obtain evidence relevant to the Court's findings in the expected hearing on their Separation-of-Powers Motion, and that the evidence they are seeking will be directly relevant to the issues that they will raise at the hearing. See Defendants' Reply to Government's Response to Motion for Rule 17(c) Subpoena, filed January 28, 2011 (Doc. 104). The Defendants also contend that they do not have another available method of obtaining the documents they are seeking. See Reply at 2.

## **RELEVANT LAW REGARDING RULE 17(c)**

Rule 17 of the Federal Rules of Criminal Procedure states: "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c). As the Supreme Court of the United States noted in Bowman Dairy Co. v. United States, 341 U.S. 214 (1951), a subpoena is not intended to provide a means of discovery. See 341 U.S. at 220; United States v. Badonie, No. CR-03-2062, 2005 WL 2312472, at *1 (D.N.M. Aug. 10, 2005)(Browning, J.)("A subpoena is not a discovery substitute."). The Supreme Court has stated

> [T]o require production prior to trial, the moving party must show: that the documents are evidentiary and relevent [sic]; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.

United States v. Nixon, 418 U.S. 683, 699-700 (1974)(footnote omitted). See United States v. Abdush-Shakur, 465 F.3d 458, 467 (10th Cir. 2006); United States v. Badonie, 2005 WL 2312472, at *1 ("[A] criminal subpoena requires that the requested information have: (i) relevancy; (ii) admissibility; and (iii) specificity. The subpoena cannot be for a general 'fishing expedition,' and the requested information must be necessary to properly prepare for trial.").

## **ANALYSIS**

The Court will deny the Defendants' Motion, because, given the United States' concessions at the hearing, it believes that issuance of a subpoena is not necessary and that the Defendants have not demonstrated that they meet all the requirements for issuance of a subpoena. At the hearing, the Defendants stated that, given Chavez' letter, their request for documents should be reduced to the documents in their last request -- documents relating to approvals of the specific actions of the probationer CI. The Defendants stated that they were seeking documents relating to any request that the probation officer made of the Honorable Bruce D. Black, United States District Judge,[2] regarding the CI's transactions, and relating to any approval Judge Black gave the CI to function as an informant and to work with the task force. The Defendants asserted that they seek information regarding the scope of the CI's activities to determine whether there is a separation-of-powers issue.

---

[2] The Honorable Bruce Black, Chief United States District Judge for the District of New Mexico, became Chief Judge on September 1, 2010. Judge Black was not Chief Judge at the time of the events relating to authorization of the CI's actions.

The documents regarding the approval of the CI's transactions could show a spectrum of approval. Judge Black and the probation officer could have approved nothing, little, or everything. If the separation-of-powers Motion turns, as Mr. Twohig suggests, on where on the spectrum the facts fall, then the Defendants may need to know the facts and a subpoena for the documents regarding approval of the CI's activities may be appropriate. On the other hand, if the Court can assume the extreme -- that Judge Black and the probation officer knew and approved everything the CI did -- then the details in documents regarding approval of the CI's activities are unnecessary, and the Court need not issue a subpoena for any documents setting forth the details. The United States represented that it would be willing, if the Court were to deny the Defendants' Motion, for the Court to assume, only for purposes of its factual findings in its Memorandum Opinion and Order regarding the Defendants' Separation-of-Powers Motion, that Judge Black approved each transaction that the CI undertook -- that he gave the probation officer approval and that the probation officer then approved the CI's involvement -- and that Judge Black either constructively or actually knew every detail of the operation when he authorized the CI's transactions.[3] Because the United States made these concessions, and because the Court will make these assumptions in its factual findings in its Memorandum Opinion and Order regarding the Separation of Powers motion, the Defendants can properly prepare for the hearing without production of the documents. The Defendants were seeking the documents to determine the scope of the Court's involvement in authorizing the CI's actions.

---

[3] The United States also represented that there were good grounds -- in the actual facts -- for the assumptions. See Transcript of Hearing at 30:1-7 (taken February 3, 2011)(Court, Meyers)("MR. MEYERS: I am standing here today quite confident that Judge Black did indeed approve the probationer's [actions]. THE COURT: So from a factual standpoint you're pretty confident of that anyway. MR. MEYERS: Absolutely.")(the Court's citations to the transcript refer to the court reporter's original, unedited version; any final transcript may contain slightly different page and/or line numbers).

In the best case scenario for the Defendants, the documents would have shown that Judge Black knew the details of the operation involving the CI and that he approved the CI's transactions. Given the United States' concessions, the Court's factual findings in its Memorandum Opinion and Order regarding the Defendants' Separation-of-Powers Motion will reflect the position most favorable to the Defendants. The documents that the Defendants are seeking would not place them in a better position than the United States' concessions have done.

The Defendants cannot demonstrate that they have met every requirement that the Supreme Court has set forth for issuance of a criminal subpoena, because, given the United States' concessions, they can prepare for the motion hearing without production of the documents. United States v. Nixon, 418 U.S. at 699-700 (requiring that the moving party show that the documents are relevant, that the party cannot otherwise procure the documents by exercising due diligence, that the party cannot properly prepare for trial without the production, and that the application is in good faith and is not intended as a general fishing expedition). Because the Defendants cannot demonstrate that they have met every requirement for issuance of a criminal subpoena, the Court will deny their request for leave to issue a subpoena pursuant to rule 17(c).

**IT IS ORDERED** that the Defendants' Motion for Rule 17(c) Subpoena, filed December 8, 2010 (Doc. 90) is denied.

                                                               _____
                                                              UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Stephen R. Kotz
Joel R. Meyers
Nicholas Jon Ganjei
  Assistant United States Attorneys
Albuquerque, New Mexico

> *Attorneys for the Plaintiff*

Ray Twohig
Albuquerque, New Mexico

> *Attorney for Defendant Jerry L. Padilla, Jr.*

Robert J. Gorence
Laura Oliveros
Monica Garcia
Gorence & Oliveros, P.C.
Albuquerque, New Mexico

> *Attorneys for Defendant Jerry L. Padilla, III*