# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                                              No. CR 09-3598 JB

JERRY L. PADILLA, III,
JERRY L. PADILLA, JR.,

     Defendants.

## MEMORANDUM OPINION AND ORDER
(Public Version)

**THIS MATTER** comes before the Court on the Defendants' Motion for Discovery, filed December 8, 2010 (Doc. 91)("Motion").[1]  The Court held a hearing on February 3, 2010.  The primary issue is whether the Court should order Plaintiff United States of America to produce the documents and records regarding a confidential informant (hereinafter "the CI") that the Defendants are seeking.  The Court will order the United States to conduct a secondary review of the sealed material in the CI's federal cases, the reports concerning the CI's alleged violations of the law and/or conditions of release, and all reports concerning the activities of the CI as an informant that are in the possession of the United States, to determine whether there is exculpatory material relating to the separation-of-powers issue that the Defendants raise in their Motion to Dismiss or for Other Sanctions, filed December 8, 2010 (Doc. 89)("Separation-of-Powers Motion").  Because the Defendants represented that this order would satisfy their requests for documents and records, the Court will deny the Defendants' Motion.

---

[1] Although the Defendants did not designate their Motion as sealed in the Motion's title, the Defendants filed the Motion under seal, so that only the case participants and the Court could view the Motion.

## PROCEDURAL BACKGROUND

On December 16, 2009, the Defendants were indicted for: (I) conspiracy to distribute more than 5 kilograms of a mixture and substance containing a detectable amount of cocaine; (ii) distribution of a mixture and substance containing a detectable amount of cocaine on or about March 6, 2009; (iii) distribution of a mixture and substance containing a detectable amount of cocaine on or about March 11, 2009; and (iv) distribution of a mixture and substance containing a detectable amount of cocaine on or about March 30, 2009. See Indictment, filed December 16, 2009 (Doc. 18).

On June 18, 2010, the Defendants filed a Motion to Compel Discovery and Identify Witnesses, pursuant to Kyles v. Whitley, 514 U.S. 419 (1995), Giglio v. United States, 405 U.S. 150 (1972), Brady v. Maryland, 373 U.S. 83 (1963), and other authority, for an order requiring the United States to disclose the identity of any informants, and to provide additional information and documents, including: (I) all Brady material; (ii) all impeachment evidence and information available to the United States, including information concerning arrests, cooperation as informants in any investigation, listings as a witness in any proceeding, and statements given concerning this and any other proceeding; (iii) information concerning the backgrounds of the informants; (iv) information concerning the drug use and trafficking activity of each of the informants and trial witnesses; (v) information which is inconsistent with the United States' theory of the case; (vi) information indicating that any informant has been a drug trafficker, the extent of his/her trafficking activity, and all communications each informant has had with law enforcement about drug transactions; (vii) all information about the CI providing false information to agents, violating the law in the past, and/or having past or present incentive to falsify his trial testimony; (viii) all recordings, notes, and other information concerning surveillance of the Defendants and other alleged

participants in the conspiracy; (ix) all statements the Defendants made, the circumstances, and notes reflecting the statements, all reports of experts in connection with physical or mental examinations, any information that indicates entrapment of the Defendants, <u>Giglio</u> information, and internal-affairs reports; (x) the identity of all informants used to develop information about either Defendant and the agreements with the informants, and specific communications with the judges who authorized them to act as informants; (xi) the training and performance history of the dogs used to locate the money and/or drugs during the search of Padilla III's residence, and the records of their handlers; (xii) all audio and video recordings of the search of Padilla III's residence; (xiii) all applications for search or arrest warrants associated with this investigation; (xiv) all applications to seal records filed in this Court; and (xv) laboratory reports and notes concerning all substances analyzed in connection with this case. <u>See</u> Defendants' Motion to Compel Discovery, Identify Witnesses and Memorandum in Support, filed June 18, 2010 (Doc. 46). The Court granted in part and denied in part the Defendants' motion, allowing the Defendants sufficient time to investigate the confidential informants and witnesses whom the United States believes might be material and intends to call at trial by requiring the United States to disclose a witness list for attorneys' eyes only of the confidential informants and allegedly vulnerable witnesses whom the United States intends to call as witnesses at trial thirty days before trial. <u>See</u> Memorandum Opinion and Order at 1, filed September 3, 2010 (Doc. 67)("Sept. 3, 2010 MOO"). The Court also required the United States to provide a separate witness list of the other law-enforcement and non-vulnerable witnesses thirty days before trial, and the United States to make a witness list, containing all witnesses it intends to call, public fourteen days before trial. <u>See</u> Sept. 3, 2010 MOO at 1. The Court denied the remainder of the requests in the Defendants' motion without prejudice to the Defendants renewing their motion if they conclude there is a need for further discovery. <u>See</u> Sept. 3, 2010 MOO at 1-2.

On December 8, 2010, the Defendants filed their Separation-of-Powers Motion, in which they move the Court to dismiss the Indictment or for other sanctions, because of an alleged separation-of-powers violation which occurred as a result of the "abuse of the supervision responsibility of the U.S. probation office [("USPO")] arising from its participation in a task force in which its probation officer . . . functioned as an executive branch investigator for the purpose of creating a crime for his probationer [Defendant] Jerry Padilla Jr. to commit." Separation-of-Powers Motion at 1. The Defendants allege that, following Padilla Jr.'s conviction for conspiracy, possession with intent to distribute more than 5 kilograms of cocaine, and aiding and abetting in February 2008, Padilla Jr. was assigned a probation officer (hereinafter "the probation officer"). See Separation-of-Powers Motion at 1. They allege that, at some point, the USPO agreed to become a part of a task force to investigate its supervisees, including Padilla Jr. See Separation-of-Powers Motion at 2. They contend that a specific plan was implemented to convince Padilla Jr. to commit federal crimes involving drug trafficking. See Separation-of-Powers Motion at 2. They allege that the probation officer convinced one of his supervisees to participate in the sting operation. See Separation-of-Powers Motion at 3. They contend that the probation officer worked with the task force and the CI to design the crimes and to create the opportunities to commit them, and that the probation officer accompanied the CI in some or all of the circumstances which were arranged for that purpose. See Separation-of-Powers Motion at 3. The Defendants state that they concurrently filed a motion for a rule 17(c) subpoena and a motion for further discovery to develop factual evidence to specify the arrangements and the probation officer's actions to provide the Court with a complete record on which to decide the Separation-of-Powers Motion. See Separation of Powers Motion at 4.

On the same day, the Defendants filed their Motion for Rule 17(c) Subpoena, in which they

ask the Court for leave to issue a subpoena for the information Mr. Twohig, Padilla Jr.'s counsel, sought in a letter to the USPO, in which he requested: (I) the task force agreement and all additional agreements and correspondence concerning the role of the USPO in the task force; (ii) the USPO's policies which permit such activities by federal probation officers; (iii) records of approval by representatives of the administrative office of the courts, supervisory probation officials and judges of this arrangement; (iv) records of the activities of the task force, in particular, the USPO and the probation officer's role in the task force; (v) detailed information and reports the probation officer prepared as a member of the Task Force, including communications with him about those activities by supervisors and others in the probation office; (vi) records of the approvals of the specific actions of the probationer CI, whom the probation officer was supervising.  See Motion for Rule 17(c) Subpoena, filed December 8, 2010 (Doc. 90); Letter to Anita Chavez From Ray Twohig (dated December 8, 2010), filed December 8, 2010 (Doc. 90-1).

In this Motion, also filed on the same day, the Defendants move the Court to order the United States to produce: (I) all materials which have been sealed in the CI's two criminal matters; (ii) all reports concerning the CI's alleged violations of the law and/or conditions of supervised release; (iii) all applications for permission and authorizations for the CI to act as an informant; (iv) all reports concerning the CI's activities as an informant; and (v) all documents that Mr. Twohig requested in his letter to Chavez.  See Motion at 1-2.  As grounds for their Motion, the Defendants incorporate the grounds that they set forth in their Motion to Compel and argue that additional grounds exist now that they have filed their Separation-of-Powers Motion.  See Motion at 2.  The Defendants state that the Court can best determine the probation officer's role in "facilitating the drug purchases" at issue in this case "by use of the information which is currently sought by this motion and by the companion Motion for Rule 17(c) Subpoena." Motion at 2.  The Defendants state

that the Court, in its Sept. 3, 2010 MOO, determined that some of the material they are seeking, relating to the CI, should be produced thirty days before trial, but that the Court rendered this decision before the defense knew about the probation officer's role.  See Motion at 2.  The Defendants state: "The delay in production which the Court determined to be proper in [its Sept. 3, 2010 MOO] is no longer appropriate as to the information relevant to the determination of the" Separation of Powers Motion.  Motion at 3.

On January 3, 2011, the Defendants filed a supplement to their Motion and to their Motion for Rule 17(c) Subpoena, to which they attached the response from the USPO to the requests for documents.  See Defendants' Supplement to Motion for Discovery No. 2, filed January 3, 2011 (Doc. 96).  The USPO's letter responded to each of the requests.  In response to the Defendants' request for the task force agreement, and all additional agreements and correspondence concerning the probation office's role in the Task Force, the USPO stated: "There is no signed Task Force Agreement, additional agreements or correspondence between U.S. Probation and the High Intensity Drug Trafficking Area (HIDTA) Task Force."  Letter from Anita L. Chavez, Chief United States Probation Officer, to Ray Twohig at 1 (dated December 23, 2010), filed January 3, 2011 (Doc. 96-1).  In response to the Defendants' request for USPO policies which permit such activities, the USPO stated: "There are no specific policies that discuss task force activities in our agency."  Letter at 1.  Regarding the Defendants' request for records of approval of this arrangement, the USPO stated: "There are no records regarding a task force agreement."  Letter at 1.  Regarding the Defendants' inquiry relating to the task force's activities, the USPO stated: "There are no records of any HIDTA Task Force activities in the U.S. Probation Office."  Letter at 1.  Regarding the Defendants' request for information and reports that the probation officer prepared as a member of the task force, the USPO stated: "There are no reports authored by [the probation officer] for the task

force." Letter at 2.  Regarding the Defendants' request for records of the approvals of the specific actions of the probationer CI, whom the probation officer was supervising, the USPO stated: "Information regarding supervision of defendants in U.S. District Court cases is confidential. . . . Disclosure of information is not required under the provision of the Freedom of Information Act, 5 U.S.C. §§ 551(1)(B) and 552(f)(FOIA), since that Act does not apply to the Courts."  Letter at 2 (citation omitted).  The Defendants state: "This lack of information from the [USPO] means that the facts cannot be developed for [the] hearing on the [Separation-of-Powers Motion] and permits counsel for Defendants to obtain the items requested of the [USPO] as well as all other document requested in the [M]otion."  Supplement at 1.

On January 7, 2011, the United States responded to the Defendants' Motion, arguing that the Court has already addressed most of the Defendants' requests for documents and records in its Sept. 3, 2010 MOO.  See United States' Response to Defendants' Motion for Discovery (Doc. 91), filed January 7, 2011 (Doc. 97).  The United States argues that the Defendants' first four requests seek impeachment materials with respect to the CI, but that nothing has changed since the Court's Sept. 3, 2010 MOO which would mandate that the Court revisit its earlier order.  See Response at 2.  The United States contends that nothing in the prior deadline that the Court instituted undermines the principles set forth in Giglio v. United States, which states that, under constitutional due-process principles, information in the prosecution's possession that may serve to impeach its witnesses must be disclosed to the defense at a reasonable time before trial.  See Response at 3.  The United States also contends that Chavez' letter properly addressed the Defendants' requests and that the Defendants have not demonstrated that the requested information is material to their defense of this Indictment or how the information is necessary for the preparation of their defense.  See Response at 3-4.  The United States further contends that rule 16 of the Federal Rules of Criminal Procedure

does not authorize discovery of a governmental agents' reports in connection with investigating or prosecution a case.  See Response at 4.  The United States further contends that, regarding the requests for documents in the Defendants' letter, Chavez' letter made clear that, with the exception of documents relating to the CI, no responsive documents exist, and that if the documents relating to the CI exist, they are the Court's confidential records and that the Defendants have not demonstrated any authority under which they may be disclosed.  See Response at 4.

The Defendants replied, arguing that each item they seek is Brady material for the trial and hearing on their Separation-of-Powers Motion, but that they "primarily seek[ ] substantive evidence of the activities of the informant . . . who was the supervisee of the probation officer whose investigative activities are the subject of that motion."  Defendants' Reply to Government's Response to Motion for Discovery, filed January 28, 2011 (Doc. 103).  The Defendants contend that the thirty-day deadline that the Court set forth in its Sept. 3, 2010 MOO is not appropriate because the motion hearing will precede the trial and the evidence is relevant to the hearing.  See Reply at 2.  The Defendants further assert that the Court can order disclosure of confidential records, such as the CI's records, under a protective order to ensure that the public cannot access the documents. See Reply at 3.

At the hearing, after the Court gave its inclination that it would deny the Defendants' rule 17(c) motion based on the United States' concessions that the Court could assume, for purposes of its factual findings in its Memorandum Opinion and Order regarding the Defendants' Separation of Powers Motion only, that the Honorable Bruce Black, United States District Judge,[2] approved each

---

[2] The Honorable Bruce Black, Chief United States District Judge for the District of New Mexico, became Chief Judge on September 1, 2010.  Judge Black was not Chief Judge at the time of the events relating to authorization of the CI's actions.

-8-

transaction that the CI undertook and that Judge Black either constructively or actually knew every detail of the operation when he authorized the CI's transactions, the Court asked Mr. Twohig what was still at issue in the Defendants' Motion.  See Transcript of Hearing at 43:1-3 (taken February 3, 2011)(Court)("Tr.").[3]  Mr. Twohig stated that the Defendants were still seeking evidence of the CI's activities.  See Tr. at 43:4-5 (Twohig).  He stated that there are many documents that were sealed concerning the CI in the federal cases in which he is a defendant.  See Tr. at 43:7-13 (Twohig).  Mr. Twohig stated that he was interested in determining what benefits the CI received for his actions.  See Tr. at 43:14-18 (Twohig).

## LAW REGARDING THE UNITED STATES' DUTY TO DISCLOSE IN CRIMINAL CASES

**1.      Rule 16.**

Rule 16 of the Federal Rules of Criminal Procedure provides:

Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

(I) the item is material to preparing the defense;

(ii) the government intends to use the item in its case-in-chief at trial; or

(iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

Criminal defendants may not, however, embark on a "broad or blind fishing expedition among documents possessed by the Government . . . ."  Jencks v. United States, 353 U.S. 657, 667 (1957)(quoting Gordon v. United States, 344 U.S. 414, 419 (1953)).  Rule 16(a)(2) provides, in part,

---

[3] The Court's citations to the transcript refer to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

that rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2).

 2.    **Due Process Clause.**

The Due Process Clause of the Constitution of the United States requires the United States to disclose information favorable to the accused that is material to either guilt or to punishment. In Brady v. Maryland, the Supreme Court of the United States explained that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. In Giglio v. United States, the Supreme Court extended the prosecution's disclosure obligation to evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory. See 405 U.S. at 153; Douglas v. Workman, 560 F.3d 1156, 1172-73 (10th Cir. 2009)("[N]o distinction is recognized between evidence that exculpates a defendant and 'evidence that the defense might have used to impeach the [United States'] witnesses by showing bias and interest.'" (quoting United States v. Bagley, 473 U.S. 667, 676 (1985))); United States v. Abello-Silva, 948 F.2d 1168, 1179 (10th Cir. 1991)("Impeachment evidence merits the same constitutional treatment as exculpatory evidence."). Finally, the Supreme Court has refined Brady v. Maryland and clarified that it is not necessary that a defendant request exculpatory evidence; "regardless of request, favorable evidence is material, and constitutional error results from its suppression by the government 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Kyles v. Whitley, 514 U.S. 419, 433 (1995)(quoting United States v. Bagley, 473 U.S. at 682). See Douglas v. Workman, 560 F.3d at 1172 ("The

-10-

government's obligation to disclose exculpatory evidence does not turn on an accused's request.");

United States v. Summers, 414 F.3d 1287, 1304 (10th Cir. 2005)("[T]he prosecution has an

affirmative duty to disclose exculpatory evidence clearly supporting a claim of innocence even

without request.").      "[T]he Due Process Clause does not require the government to disclose before

trial the names of its witnesses, just so the defense can have sufficient time to investigate their

backgrounds for impeachment information." United States v. Ashley, 274 F. App'x 693, 697 (10th

Cir. 2008).  See Weatherford v. Bursey, 429 U.S. 545, 559 (1977)("It does not follow from the

prohibition against concealing evidence favorable to the accused that the prosecution must reveal

before trial the names of all witnesses who will testify unfavorably.").

### a.    Material Exculpatory Evidence.

The holding in Brady v. Maryland requires disclosure only of evidence that is both favorable

to the accused, and "material either to guilt or to punishment."  373 U.S. at 87.  "Evidence is

material only if there is a reasonable probability that, had the evidence been disclosed to the defense,

the result of the proceeding would have been different." United States v. Bagley, 473 U.S. at 682.

See United States v. Allen, 603 F.3d 1202, 1215 (10th Cir. 2010).  A "reasonable probability" is a

"probability sufficient to undermine confidence in the outcome." United States v. Bagley, 473 U.S.

at 682 (quotation omitted).  The United States Court of Appeals for the Tenth Circuit has noted that

"[t]he mere possibility that evidence is exculpatory does not satisfy the constitutional materiality

standard." United States v. Fleming, 19 F.3d 1325, 1331 (10th Cir. 1994), cert. denied, 513 U.S.

826 (1994).  The Tenth Circuit has also found that "[d]uplicative impeachment evidence is not

material." Douglas v. Workman, 560 F.3d 1156, 1173 (10th Cir. 2009).  "To be material under

Brady, undisclosed information or evidence acquired through that information must be admissible."

Banks v. Reynolds, 54 F.3d 1508, 1521 n.34 (10th Cir. 1995)(quoting United States v. Kennedy, 890

F.2d 1056, 1059 (9th Cir. 1989), <u>cert.</u> <u>denied</u>, 494 U.S. 1008 (1990)).

The Supreme Court, in <u>Cone v. Bell</u>, 129 S. Ct. 1769 (2009), recently noted:

> Although the Due Process Clause of the Fourteenth Amendment, as interpreted by <u>Brady</u>, only mandates the disclosure of material evidence, the obligation to disclose evidence favorable to the defense may arise more broadly under a prosecutor's ethical or statutory obligations. <u>See</u> <u>Kyles</u>, 514 U.S. at 437 ("[T]he rule in <u>Bagley</u> (and, hence, in <u>Brady</u>) requires less of the prosecution than the ABA Standards for Criminal Justice Prosecution Function and Defense Function 3-3.11(a)(3d ed. 1993)"). <u>See also</u> ABA Model Rule of Professional Conduct 3.8(d)(2008)("The prosecutor in a criminal case shall" "make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal").

129 S. Ct. at 1783 n.15. Favorable evidence is only material and thus subject to mandated disclosure when it "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." <u>Cone v. Bell</u>, 129 S. Ct. at 1783 (quoting <u>Kyles v. Whitley</u>, 514 U.S. at 435).

The burden is on the United States to produce exculpatory materials; the burden is not on the defendant to first point out that such materials exist. <u>See</u> <u>Kyles v. Whitley</u>, 514 U.S. at 437 (stating that the prosecution has an affirmative duty to disclose evidence, because "the prosecution, which alone can know what is undisclosed, must be assigned the consequent responsibility to gauge the likely net effect of all such evidence and make disclosure when the point of 'reasonable probability' is reached."); <u>United States v. Deutsch</u>, 475 F.2d 55, 57 (5th Cir. 1973)(granting a mistrial for failure to produce personnel files of government witnesses). The Constitution, however, does not grant criminal defendants the right to embark on a "broad or blind fishing expedition among documents possessed by the Government . . . ." <u>United States v. Mayes</u>, 917 F.2d 457, 461 (10th Cir. 1990)(quoting <u>Jencks v. United States</u>, 353 U.S. at 667).

### b.      Evidence Must Be in the United States' Possession.

"It is well settled that there is no 'affirmative duty upon the government to take action to discover information which it does not possess.'"  United States v. Tierney, 947 F.2d 854, 864 (8th Cir. 1991)(quoting United States v. Beaver, 524 F.2d 963, 966 (5th Cir. 1975), cert. denied, 425 U.S. 905 (1976)).  See United States v. Kraemer, 810 F.2d 173, 178 (8th Cir. 1987)(explaining that the prosecution is not required "to search out exculpatory evidence for the defendant"); United States v. Badonie, No. CR 03-2062, 2005 U.S. Dist. LEXIS 21928, at *2 (D.N.M. Aug. 29, 2005)(Browning, J.).  On the other hand, "a prosecutor's office cannot get around Brady by keeping itself in ignorance, or by compartmentalizing information about different aspects of a case."  Carey v. Duckworth, 738 F.2d 875, 878 (7th Cir. 1984).  A prosecutor must disclose information of which it has knowledge and access.  See United States v. Bryan, 868 F.2d 1032, 1037 (9th Cir. 1989)(stating that "the scope of the government's obligation under Rule 16(a)(1)(C) should turn on the extent to which the prosecutor has knowledge of and access to the documents sought by the defendant in each case").  A prosecutor may have a duty to search files maintained by other "governmental agencies closely aligned with the prosecution" when there is "some reasonable prospect or notice of finding exculpatory evidence."  United States v. Brooks, 966 F.2d 1500, 1503 (D.C. Cir. 1992)).  A prosecutor does not have a duty, however, to obtain evidence from third parties.  See United States v. Combs, 267 F.3d 1167, 1173 (10th Cir. 2001)(observing that Brady v. Maryland does not oblige the government to obtain evidence from third parties).

## ANALYSIS

The Defendants believe that the materials they are requesting are Brady materials, that the materials are rule 16 materials, because they are material to the preparation of the defense, and that the materials go beyond impeachment, because they relate to the CI's and the probation officer's

course of conduct.  The United States asserts that it will turn over materials consistent with the Court's prior opinion.  The United States represents that it does not believe there is any exculpatory evidence in the materials.  The United States represents that it has reviewed the sealed material in the CI's federal cases and all the reports concerning the CI's alleged violations of the law and/or conditions of release, and has determined that there is no Brady material.  The United States represents that it does not know of the existence of forms requesting information for the CI to act as an informant.  The United States also represents that it has reviewed all reports concerning the activities of the CI as an informant that are in its possession and that it did not find any Brady material.

As the Court recognized in its Sept. 3, 2010 MOO, the United States has a continuing obligation to produce exculpatory material in its possession.  See Sept. 3, 2010 MOO at 14.  The United States has stated, however, that it does not have Brady material in its possession.  Because the Court's Sept. 3, 2010 MOO set deadlines for the United States' disclosure of confidential informants and other witnesses whom it intends to call at trial, and because the Defendants' requests for further discovery appear to relate to trial material, not materials relevant to their Separation-of-Power Motion, the Court will rely on the timing set forth in its Sept. 3, 2010 MOO.  At the hearing, Mr. Twohig stated that he would be satisfied if the Court put the United States' representations that it did not possess Brady material -- meaning that it does not possess material that would be exculpatory as to the separation-of-powers argument -- into its order.  The Court will order the United States to go back through the materials in its possession to determine whether the materials say anything about Judge Black's or the probation officer's involvement in authorizing the CI's actions.  If the United States identifies documents that may relate to the Court's involvement in authorizing the CI's transactions, which may help the Defendants' position in their Separation-of-

-14-

Powers Motion, the United States should provide the documents to the Court under seal.  If the United States does not find any such materials, it should tell the Defendants that it conducted a secondary review and did not find anything.  Because the Defendants represented that the Court's order sufficiently satisfied their remaining requests in their Motion, the Court will deny their Motion.

**IT IS ORDERED** that the Defendants' Motion for Discovery, filed December 8, 2010 (Doc. 91), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
    United States Attorney
Stephen R. Kotz
Joel R. Meyers
Nicholas Jon Ganjei
    Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Ray Twohig
Albuquerque, New Mexico

    *Attorney for Defendant Jerry L. Padilla, Jr.*

Robert J. Gorence
Laura Oliveros
Monica Garcia
Gorence & Oliveros, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Jerry L. Padilla, III*