# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Jerry L. Padilla III** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:09CR03598-002JB and 1:11CR00667-001JB**<br>USM Number: **48879-051**<br>Defense Attorney: **Robert Gorence, Retained** |

THE DEFENDANT:

☒  pleaded guilty to count(s) **4 of Indictment 1:09CR03598-002JB and Indictment 1:11CR00667-001JB**
☐  pleaded nolo contendere to count(s)  which was accepted by the court.
☐  after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(C) | Distribution of Cocaine | 12/03/2009 | 4 |
| 21 U.S.C. Sec. 841(b)(1)(C) | Distribution of Heroin | 02/26/2011 | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count .
☒  Count **1 as to 1:09CR03598-002JB** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 3, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**December 28, 2011**
Date Signed

Defendant: **Jerry L. Padilla III**
Case Number: **1:09CR03598-002JB and 1:11CR00667-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **42 months**.

**A term of 24 months is imposed as to 1:09CR03598-002JB; a term of 18 months is imposed as to 1:11CR00667JB; said terms shall run consecutively for a total term of 42 months.**

In the criminal case docket number 09-3598, Defendant Jerry L. Padilla III, pursuant to a Plea Agreement, filed May 12, 2011 (Doc. 152), pled guilty to Count 4 of the Indictment, filed December 16, 2009 (Doc. 17), charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that being distribution of cocaine. The Plea Agreement stipulates to a sentence of 24-months imprisonment. See Plea Agreement ¶ 5, at 2.

In the criminal case docket number 11-0667, Padilla III, pursuant to a Plea Agreement, filed May 12, 2011 (Doc. 18), pled guilty to the Indictment, filed May 22, 2011 (Doc. 1), charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that being distribution of heroin. The Plea Agreement stipulates to a sentence of 18-months imprisonment. See Plea Agreement ¶ 5, at 2. The parties agree that this sentence will run consecutively "to the sentence imposed in cause number 09-CR-3598 JB." Plea Agreement ¶ 5, at 2.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Padilla III on August 16, 2011. Under U.S.S.G. § 3D1.2(d), the PSR grouped the charges to which Padilla III pled guilty in both pending cases against him in calculating his guideline sentence. See PSR ¶ 49, at 17. The PSR calculated Padilla III`s total offense level to be 33. See PSR ¶ 58, at 21. The PSR calculated a base offense level of 34 under U.S.S.G. § 2D1.1(c)(3) based on .3561 kilograms of actual cocaine involved in certain drug transactions and an additional 18.375 kilograms of cocaine after conversion from the $441,008.00 found on Padilla III`s property. See PSR ¶ 50, at 17-18. The PSR included a 2-level upward adjustment under U.S.S.G. § 2D1.1(b)(12) based on Padilla III "maintain[ing] a premises for the purpose of manufacturing or distributing a controlled substance." PSR ¶ 51, at 18-20. The PSR included a 3-level reduction under U.S.S.G. § 3E1.1 based on Padilla III`s acceptance of responsibility. PSR ¶ 57, at 21. The PSR lists his criminal history category as I, based on 0 criminal history points. See PSR ¶ 61, at 21. The PSR calculated that an offense level of 33 and a criminal history category of I results in a guideline imprisonment range of 135 to 168 months. See PSR ¶ 100, at 32. On October 4, 2011, the USPO re-disclosed the PSR to correct some information regarding the time Padilla III has spent in custody, and to add and correct some other factual information. There being no disputes about the factual findings in the re-disclosed PSR, the Court adopts them as its own.

The parties request that the Court sentence Padilla III to 24-months imprisonment for the charges arising out of criminal case docket number 09-3598 and to 18-months imprisonment for the charges arising out of criminal case docket number 11-0667. The parties have agreed that these sentences will run consecutively. At the sentencing hearing on October 3, 2011, the parties agreed to the Court reducing Padilla III`s offense level 3-levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 33 and a criminal history category of I produces a guideline sentence of 135 to 168 months.

The Court notes that between March 6, 2009, and March 18, 2009, Padilla III and his co-Defendant Jerry L. Padilla, Jr. sold .3651 kilograms of cocaine. The Court also notes that, on December 3, 2009, after months of ongoing investigations, officers executed search warrants at Padilla III`s residence. During the search, .74 grams of methamphetamine and 2.9 grams of cocaine were located, as were several items associated with drug trafficking, including plastic bags, digital scales, numerous cellular telephones, and disposable gloves. In addition, officers seized a total of $441,008.00 at Padilla III`s residence. The large amount of money, information gathered during the investigation, as well as the manner in which the money was packaged indicates it was going to be used in drug trafficking or was proceeds from drug trafficking. That amount of money converts to 18.375 kilograms of cocaine.

The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Padilla III`s offenses. The Court agrees with the parties that a sentence of 24-months imprisonment for the charges arising out of criminal case docket number 09-3598 and 18-months imprisonment for the charges arising out of criminal case docket number 11-0667 is sufficient to reflect the seriousness of these

offenses. The United States has pointed to some weaknesses in its case if the case were to proceed to trial, including the potential success of a motion to suppress, the difficulty of proving the discovered funds were the proceeds of drug activity, that Padilla III did not own the property on which the money was found, and that it must rely on confidential informants to prove its case. The Court has in the past held that weaknesses in the United States` case may be grounds for a variance, because in some cases, such as this one, a sentence of some length is a more just punishment than no sentence at all. The Court is not in a position where it can readily determine the strength of the United States` case, and thus must rely to some degree on the United States` evaluation of its own case. The Court notes that Padilla, Jr., unlike Padilla III, would have no standing to argue that this evidence should be suppressed.

The Court is concerned that Padilla III has committed additional offenses while he had charges pending against him in federal court. The Court notes that his conduct is somewhat extraordinary compared to other defendants that come before the Court, particularly because Padilla III incurred the same kind of charges while on release. The Court is also aware that it should sentence defendants in a way that the community respects, but recognizes that it should not pander to the media or the community. The Court is conscious that the public`s perception of a case will not necessarily be consistent with the evidence in the case and whether the United States can meet its burden to prove a case beyond a reasonable doubt at trial. There are sophisticated counsel on both sides of this case, which leads the Court to believe that they negotiated the plea agreements on an objective evaluation of their respective cases. Additionally, based on the sentences the Court will impose, Padilla III will, upon his release, face career offender status if he re-offends in a similar way. That status is significant and will have significant consequences for him down the road. That these sentences will run consecutively is also significant, particularly given that the USPO grouped these offenses when calculating a guideline range. The Court additionally finds it significant that Padilla III has no criminal history.

These sentences adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Padilla III to 24-months imprisonment for the charges arising out of criminal case docket number 09-3598 and 18-months imprisonment for the charges arising out of criminal case docket number 11-0667. These sentences will run consecutively.

☒   The court makes the following recommendations to the Bureau of Prisons:

    **Florence Federal Correctional Institution, Florence, Colorado, if eligible**
    **The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant shall surrender to the United States Marshal for this district:
    ☐   at  on
    ☐   as notified by the United States Marshal.
☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐   before 2 p.m. on
    ☐   as notified by the United States Marshal
    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

Defendant: **Jerry L. Padilla III**
Case Number: **1:09CR03598-002JB and 1:11CR00667-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

**A term of 3 years is imposed as to Count 4 of Indictment 1:09CR03598-002JB; a term of 3 years is imposed as to Indictment 1:11CR00667-001JB; said terms shall run concurrently for a total term of 3 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Jerry L. Padilla III**
Case Number: **1:09CR03598-002JB and 1:11CR00667-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal narcotics, United States currency and other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**Standard Condition 5 shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program, as approved by the probation officer, throughout the term of supervised release.**

**As to Standard Condition 13, it shall not apply to employers: As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

**The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The Defendant shall participate in and successfully complete a substance abuse treatment program, which may include drug testing and/or outpatient counseling, as approved by the probation officer. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**Unless approved by the Probation Office, the Defendant shall not have any contact with identified members of the Los Padillas criminal organization or any other gang affiliation.**

Defendant: **Jerry L. Padilla III**
Case Number: **1:09CR03598-002JB and 1:11CR00667-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐       The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $200.00 | $1,700.00 (money judgment) | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☒   In full immediately; or

B     ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Pursuant to the Plea Agreement in Case No. 1:11CR00667-001JB, a monetary judgment in the amount of $1,700.00 is imposed.**

**Consistent with a stipulation in the Plea Agreement in Case No. 1:09CR03598-002JB, the Defendant forfeits his rights, title and interest in the following assets and properties: $441,008 in United States currency; and 2121 Celeste Road, S.W., Albuquerque, New Mexico 87105.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.