**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                     No. CR 09-3598 JB

JERRY L. PADILLA, III,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Emergency Motion for a Three Day Furlough, or in the Alternative, an Administrative Break in Service of Sentence, to Allow Defendant Jerry Padilla to Attend the Funeral of His Uncle, Johnny Tapia, filed May 30, 2012 (Doc. 190)("Emergency Motion"); and (ii) the Amended Emergency Motion for a Three Day Furlough, or in the Alternative, an Administrative Break in Service of Sentence, to Allow Defendant Jerry Padilla to Attend the Funeral of His Uncle, Johnny Tapia, filed May 30, 2012 (Doc. 191)("Amended Motion"). The primary issues are: (i) whether the Court has the authority or jurisdiction to allow a furlough while Defendant Jerry L. Padilla, III is serving a custodial sentence; and (ii) if the Court has such authority to grant a furlough, whether the Court should grant the Padilla III's request. The Court will deny the requests in the Emergency Motion and the Amended Motion.

**PROCEDURAL BACKGROUND**

In the criminal case docket number 09-3598, Defendant Jerry L. Padilla III, pursuant to a Plea Agreement, filed May 12, 2011 (Doc. 152), pled guilty to Count 4 of the Indictment, filed December 16, 2009 (Doc. 17), charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that being distribution of cocaine. The Plea Agreement stipulated to a sentence of 24-months

imprisonment. See Plea Agreement ¶ 5, at 2. In the criminal case docket number 11-0667, Padilla III, pursuant to a Plea Agreement, filed May 12, 2011 (Doc. 18), pled guilty to the Indictment, filed May 22, 2011 (Doc. 1), charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that being distribution of heroin. This Plea Agreement stipulated to a sentence of 18-months imprisonment. See Plea Agreement ¶ 5, at 2. The parties agreed that this sentence in docket number 11-0667 would run consecutively "to the sentence imposed in cause number 09-CR-3598 JB." Plea Agreement ¶ 5, at 2. The Court sentenced Padilla III to 24-months imprisonment for the charges arising out of criminal case docket number 09-3598 and 18-months imprisonment for the charges arising out of criminal case docket number 11-0667. See Judgment in a Criminal Case at 2, filed December 28, 2011 (Doc. 188). The sentences run consecutively, for a total term of 42-months imprisonment. See Judgment in a Criminal Case at 2.

In the Emergency Motion, Padilla III asks that the Court grant him a three-day furlough from 9:00 a.m. on May 31, 2012 through 8:00 p.m. on June 2, 2012. See Emergency Motion at 1. In support, Padilla III asserts that his uncle, Johnny Tapia, passed away on May 27, 2012 and that the funeral is set for May 1, 2012 in Albuquerque, New Mexico. See Emergency Motion at 1. He represents that his wife would pick him up from and return him to the Bureau of Prison's ("BOP") Florence Federal Correctional Complex, an Administrative Maximum Facility in Florence, Colorado, where Padilla III is currently serving his sentence. See Emergency Motion at 1. Padilla III asserts that Assistant United States Attorney Joel Meyers takes no position on the Emergency Motion. See Emergency Motion at 2. He states that he does not believe that the Warden of the Florence Correctional Institution opposes the motion. See Emergency Motion at 2. Later that day, Padilla filed his Amended Motion. See Doc. 181. He now asserts that the Warden opposes the furlough request, because Tapia was not an immediate family member as the BOP defines that term.

See Amended Motion at 2.

Plaintiff United States of America then filed the United States' Response to Defendant's Amended Emergency Motion for a Three Day Furlough, or in the Alternative, an Administrative Break in Service of Sentence, to Allow Defendant Jerry Padilla to Attend the Funeral of His Uncle, Johnny Tapia (Doc. 191), filed May 30, 2012 (Doc. 192)("Response"). In its Response, the United States concedes that it did not originally oppose Padilla III's request, but that, after consultation with the BOP's counsel, it now opposes the request. See Response at 2. The United States argues that Congress has given the BOP exclusive authority to grant temporary releases to federal prisoners. See Response at 2 (citing United States v. Premachandra, 78 F.3d 589, 1996 WL 102567 (8th Cir. 1996)(per curiam)(unpublished table decision)). It further asserts that the Court's jurisdiction to interrupt a sentence is limited and that a court may only make changes pursuant to 18 U.S.C. § 3582. See Response at 4 (citing United States v. Smith, 438 F.3d 796, 798 (7th Cir. 2006)). The United States contends that the Court also has no authority to grant a furlough under the All Writs Act, 28 U.S.C. § 1651. See Response at 6 (citing Penn. Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985); NAACP v. Metro. Council, 144 F.3d 1168, 1171 (8th Cir. 1998)). The United States also argues that an interruption in a term of sentence can be construed as a term of intermittent confinement, that BOP policies cover inoperative time such that Padilla would receive no credit for time not in detention, and that there are security concerns with court-ordered interruptions of the service of sentence. See Response at 6-8.

## **ANALYSIS**

The Court will deny the requests in the Emergency Motion and the Amended Motion. The Court notes that Padilla III has provided the Court with no statutes, cases, or other law indicating that the Court has the authority to grant a furlough for a federal prisoner serving a custodial

sentence.  The law and cases establish that the Court does not such authority.

The Court's jurisdiction to act with respect to a sentence that has been imposed is limited.  18 U.S.C. § 3582 provides that

> **(c)** **Modification of an imposed term of imprisonment.** -- The court may not modify a term of imprisonment once it has been imposed except that
>
> **(1)** in any case --
>
> **(A)** the court, upon the motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . .
>
> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . .

18 U.S.C. § 3582.  None of those exceptions are applicable.  Rule 35 of the Federal Rules of Criminal Procedure provide only two means for modifying a sentence: (i) correcting a clear error within 14 days of sentencing; and (ii) reducing a sentence for substantial assistance.  See Fed. R. Crim. P. 35.  Neither of those situations are present here.  "Once a sentence is imposed, 'it is final, and the trial judge's authority to modify it is narrowly circumscribed.'" United States v. Gould, No. 03-2274, 2011 WL 1103786, at *10 (D.N.M. Mar. 16, 2011)(Browning, J.)(quoting Dolan v. United States, 130 S.Ct. 2533, 2545 (2010)).  Here, the BOP opposes the request, Rule 35 would not permit the request, and the sentencing range has not been modified.  Accordingly, pursuant to 18 U.S.C. § 3582, the Court is without jurisdiction to modify Padilla III's conditions of confinement to grant a furlough.  After a court has pronounced its sentence, a federal prisoner must address his requests regarding his confinement to the BOP or file a habeas petition, because the writ of habeas corpus is the sole remedy for a prisoner challenging the fact or duration of confinement.  See Preiser v.

Rodriguez, 411 U.S. 475, 500 (1973)(holding that when a prisoner seeks to challenge "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from the imprisonment, his sole federal remedy is a writ of habeas corpus").

Moreover, Congress has expressly provided that the BOP has authority to grant furloughs and has not vested such authority with the courts. Section 3622 of Title 18 of the United States Code states:

> Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was impose and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to --
>
> > (a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of --
> >
> > . . .
> >
> > (2) attending a funeral of a relative;
> >
> > . . . .

18 U.S.C. § 3622 (emphasis added). The statute's plain language mentions only the BOP and gives it the authority to grant furloughs under certain circumstances. Several courts have also held that this statute gives the BOP exclusive authority to determine whether a federal prisoner should be granted a furlough. In United States v. Premachandra, the United States Court of Appeals for the Eighth Circuit held that "18 U.S.C. § 3622 vests authority to grant medical furloughs with the Bureau of Prisons (BOP), not the federal courts." 1996 WL 102567, at *1 (citing 18 U.S.C. § 3622(a)(3)). In United States v. Watson, No. 2:07cr145, 2009 WL 1370915 (M.D. Ala. May 14,

2009), the United States District Court for the Middle District of Alabama held that "[n]o language in the statute grants district courts the authority to order or approve a furlough request," and noted that the federal regulations implementing the statute "clearly contemplate that the decision-maker will be a Bureau of Prisons warden or acting warden." 2009 WL 1370915, at *1. 28 C.F.R. § 570.33(a) provides that "[t]he Warden or designee may authorize a furlough." 28 C.F.R. § 570.37(a) provides that "[a]n inmate will be notified of the Warden's decision on the furlough application." Finally, 28 C.F.R. § 570.37(c) provides that an inmate may appeal a furlough denial through the Administrative Remedy Program. Furthermore, the Court's finding that it lacks authority to order the BOP to act regarding a sentence after the sentence has been imposed. See United States v. Wilson, 503 U.S. 329, 334 (1992)("For these reasons, we conclude that § 3585(b) does not authorize a district court to compute the credit at sentencing."); United States v. Goree, No. 11-0285, 2012 WL 592869, at *10 (D.N.M. Feb. 13, 2012)(Browning, J.)("Because the Attorney General determines credit for time served after a sentence begins, the Court will not order that the BOP credit Goree with 142 days in custody against his federal sentence.").

  As a rule, once the Court orally pronounces a sentence, it cannot change it. For the Court to change Padilla III's sentence and allow a furlough would be to give him a new sentence, with a break, or make it effectively an intermittent sentence. Because 18 U.S.C. § 3622 gives the BOP the discretion to grant furloughs, the Court is not free to interfere under the All Writs Act. See Penn. Bureau of Correction v. United States Marshals Serv., 474 U.S. at 43 ("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."). Federal habeas and 28 U.S.C. § 2255 appears to be all that is available to contest custody, and there is nothing wrong with the initial custody determination. See Preiser v.

Rodriguez, 411 U.S. at 500.

There are good reasons for a bright-line rule.  The Court needs to be judging the cases before it and not surprising prisons .  The Court has no sound idea whether Padilla III is a good candidate for a furlough.  Also, given that the Court has sentenced hundreds of defendants, it could be flooded with furlough requests if it were the forum for such requests, interfering with essential judicial functions.  Further, judges leave the bench and defendants remain in prisons; it is not clear to which court or which judge the defendant should go if the Court can order furloughs.  Prisons are located in different jurisdictions from the Courts who initially sentenced the defendants and judges may retire.  A furlough request is not a separate civil action like a petition for a writ of habeas corpus. The division of powers -- where the Court sentences and the Attorney General decides custodial matters -- is sound and should be strictly observed.

Finally, Padilla III only learned of his relation to Tapia after this case arose.  See Rick Wright, "Tapia's Kindness Big and Small," Albuquerque Journal, May 29, 2012, at D1 available at http://www.abqjournal.com/sports/2012/05/29/tapias-kindness-big-and-small.html ("In August 2010, Tapia learned that Albuquerquean Jerry Padilla was his long-lost biological father."); Criminal Complaint, filed December 2, 2009 (Doc. 1).  Thus, he did not have a long-standing family relationship with Tapia.  Accordingly, even if the Court had the power to order a furlough, it would not grant a furlough for reasons similar to those that the BOP has given.

Because Congress has vested authority to act with respect to a furlough with the BOP and because Padilla III has pointed to no authority which would allow the Court to grant his request, the Court will deny the Emergency Motion and the Amended Motion.  While the Court is not unsympathetic to Padilla III for his loss, the Court does not believe it has jurisdiction or authority to act.

**IT IS ORDERED** that the requests in the Emergency Motion for a Three Day Furlough, or in the Alternative, an Administrative Break in Service of Sentence, to Allow Defendant Jerry Padilla to Attend the Funeral of His Uncle, Johnny Tapia, filed May 30, 2012 (Doc. 190) and the Amended Emergency Motion for a Three Day Furlough, or in the Alternative, an Administrative Break in Service of Sentence, to Allow Defendant Jerry Padilla to Attend the Funeral of His Uncle, Johnny Tapia, filed May 30, 2012 (Doc. 191), are denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Joel R. Meyers
Stephen R. Kotz
Nicholas Jon Ganjei
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Robert J. Gorence
Gorence & Oliveros, P.C.
Albuquerque, New Mexico

*-- and--*

Thomas J. Clear
Albuquerque, New Mexico

    *Attorneys for Defendant Jerry L. Padilla, III*